IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1909-K-BN |
| | § | |
| FREMONT INVESTMENT & LOAN, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade. Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan Inc., Asset-Backed Certificates, Series 2006-FM1 ("HSBC"), Ocwen Loan Servicing, LLC ("Ocwen"), and SGGH, LLC, f/k/a SGH Merger Sub LLC, successor by merger to Signature Group Holdings, Inc., successor by merger to Fremont Reorganizing Corporation, f/k/a Fremont Investment & Loan ("Fremont"), (collectively, "Defendants"), filed motions to dismiss Plaintiff's Complaint (collectively, "Motions"). *See* Dkt. Nos. 7 & 16. Plaintiff has not responded to the Motions, and his deadline to do so has expired. *See* Dkt. Nos. 9, 19, & 20. The undersigned issues the following findings of fact, conclusions of law, and recommendation that Defendants' Motions be granted.

## Background

Plaintiff executed a note with Defendant Fremont in the amount of $128,000.00 (the "Note") on or about September 7, 2005. *See* Dkt. No. 1-3 at 4, ¶ 10. The Note was secured, through a deed of trust (the "Deed of Trust"), with property located in Palmer, Texas (the "Property"). *See id.* at 3-4, ¶¶ 9, 11. Defendant MERS, as nominee for Fremont and its assigns, was the beneficiary of the Deed of Trust. *See id.* at 16. According to the Deed of Trust, Plaintiff "promised to pay [his $128,000,00 Note] debt in regular Periodic Payments." *Id.* at 15. The Deed of Trust allowed Fremont or its nominee to sell the Note, which could change the entity "that collects [Plaintiff's] Periodic Payments." *Id.* at 24. Fremont was to release the Deed of Trust upon Plaintiff's full payment of the Note. *See id.* at 26.

Plaintiff alleges that Fremont sold the Note to Defendant HSBC immediately after September 7, 2005. *See id.* at 4, ¶ 15. Plaintiff contends that "[t]here is no evidence that Fremont released the [Deed of Trust]" after it sold the Note to HSBC. *Id.* at 4, ¶ 17. Plaintiff explains that MERS transferred the Deed of Trust to HSBC on May 25, 2012 (the "May 25, 2012 Transfer of Lien ") and filed the transfer with the county clerk. *See id.* at 5, ¶¶ 24-25.

In his Complaint (the "Complaint"), Plaintiff asserts a breach of contract cause of action alleging that "Fremont failed to release the Security Interest when it received payment in full for the [] Note." Dkt. No. 1-3 at 5, ¶ 32. Plaintiff also asserts slander of title and void assignment claims alleging that the May 25, 2012 Transfer of Lien was

invalid and void. *See id.* at 6-7, ¶ 37, 40, 46-47. Plaintiff also alleges a fraud claim and requests declaratory relief *See id.* at 8-9, ¶ 51-59.

Defendants move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure 12(c) and 12(b)(6). Dkt. Nos. 7 & 16, respectively. The undersigned recommends that the Court grant Defendants' Motions and dismiss Plaintiff's claims with prejudice.

## Legal Standards

A Rule 12(c) motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *See Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015). In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). "The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim." *Hicks v. Green Tree Servicing*, LLC, 3:13-cv-3025-L, 2014 WL 961856, at *2 (N.D. Tex. Mar. 12, 2014) (citing *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004)).

To state a claim on which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Documents "'attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [his] claim.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund v. (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.* In addition, "it is clearly proper in deciding

a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

Because Plaintiff is proceeding *pro se*, his Petition will be construed with all possible deference. *See Muthukumar v. Univ. of Tex. at Dallas,* No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)); *see Jackson v. Roche,* Nos. 7:04-cv-133-O & 7:02-cv-111-R, 2008 WL 2579677, at *4 (N.D. Tex. June 27, 2008) ("Because Plaintiff filed his complaint as a *pro se* litigant, this Court is obligated to construe the complaint liberally." (citations omitted)). But "such a liberal construction does not require that the Court or a defendant create causes of action where there are none." *Smith v. CVS Caremark Corp.,* No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). A court need not "conjure up unpled allegations or construe elaborately arcane scripts" to save a *pro se* complaint. *Govea v. ATF,* 207 F. App'x 369, 372 (5th Cir. 2006) (per curiam) (internal quotation marks omitted).

## Analysis

The undersigned concludes that Plaintiff's Complaint should be dismissed with prejudice. In reaching this conclusion, the undersigned considered the Deed of Trust and May 25, 2012 Transfer of Lien because these documents are central to Plaintiff's

claims, attached to his Complaint, and matters of public record. *See Collins*, *Norris*, 500 F.3d at 461 n.9; 224 F.3d at 498-99; *Kaye*, 453 B.R. at 662.

<u>Plaintiff's Breach of Contract Claim Should be Dismissed with Prejudice.</u>

Plaintiff's breach of contract claim fails because Plaintiff does not allege that he tendered performance. Plaintiff asserts that Fremont breached the Deed of Trust when it failed to release its security interest after receiving full payment for the Note. *See* Dkt. No. 1-3 at 6, ¶¶ 30-34. To establish a breach of contract claim under Texas law a plaintiff must allege: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach. *See Lewis v. Bank of America NA*, 343 F.3d 540, 544–45 (5th Cir. 2003) (citing *Palmer v. Espey Huston & Assocs.*, 84 S.W.3d 345, 353 (Tex. App. – Corpus Christi 2002, pet. denied)). "[A] party to a contract may not bring a suit for the contract's breach if that party, itself, is in default." *Ybarra v. Wells Fargo Bank, N.A.*, 575 F. App'x 471, 474 (5th Cir. 2014) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)).

A careful reading of the Deed of Trust reveals that Fremont was to release its security interest only when Plaintiff fully paid the $128,000.00 Note. *See* Dkt. No. 1-3 at 15, 16. Plaintiff asserts no facts that indicate that he tendered performance by fully paying the Note. Instead, Plaintiff claims that Fremont should have released its security interest because it sold the Note to HSBC. *See id.* at 4, ¶ 15, 17. The Complaint is devoid of any allegations that Fremont received $128,000.00 for the Note. But, even if HSBC paid Fremont $128,000.00, that would not have obviated Plaintiff's

obligation to pay on the Note or Fremont's security interest. *See id.* at 24 ("The Note ... can be sold one or more times . . . [and a] sale might result in a change in the entity ... that collects [Plaintiff's] Periodic Payments due under the Note...."); *accord Rice v. JPMorgan Chase Bank, N.A.*, No. H-15-0416, 2015 WL 4112287, at *3 (S.D. Tex. July 7, 2015).

Plaintiff has not shown that he tendered performance or that Fremont breached the Deed of Trust because he does not allege that he fully paid the Note. Therefore, Plaintiff fails to state a breach of contract claim that is plausible on its face, and this claim should be dismissed with prejudice.

Plaintiff's Slander of Title Claim Should be Dismissed with Prejudice.

Plaintiff likewise fails to state a slander of title claim that is plausible or has any viable basis. In order for a slander of title claim to survive dismissal, a plaintiff must allege: (1) the utterings and publishing of disparaging words; (2) the words were false; (3) the words were malicious; (4) the plaintiff sustained special damages; and (5) the plaintiff possessed an estate or interest in the property disparaged. *See Johnson-Williams v. CitiMortgage, Inc.*, 3:14-cv-3927-M BH, 2015 WL 4997811, at *10 (N.D. Tex. Aug. 19, 2015) (citing *Manders v. Manders*, 897 F. Supp. 972, 976 (S.D. Tex. 1995)). Plaintiff alleges that the filing of the May 25, 2012 Transfer of Lien constituted a slander of title because the lien should have been released before the transfer occurred. *See* Dkt. No. 1-3 at 6-7, ¶ 39-40. This allegation is unsupported by any fact in the Complaint because Plaintiff has not alleged that he fully paid the Note, which would have obligated the release of the lien.

Plaintiff also appears to claim that the May 25, 2012 Transfer of Lien is invalid because the Note was separated from the Deed of Trust. *See id.* at ¶ 40-41. But "[t]he Texas courts have rejected the argument that a note and its security are inseparable by recognizing that the note and the deed-of-trust lien afford distinct remedies on separate obligations." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).

Plaintiff also claims that the May 25, 2012 Transfer of Lien is invalid because "MERS did not have any right, title or interest in the [Deed of Trust]." Dkt. No. 1-3 at 7, ¶ 40. This argument is baseless because the Deed of Trust plainly lists MERS as a beneficiary, *id.* at 15, and MERS qualifies as a mortgagee under Texas law, *see Martins*, 722 F.3d at 255.

Plaintiff has failed to plead a plausible claim that the May 25, 2012 Transfer of Lien is not disparaging, false, malicious, damaging, or invalid. Consequently, Plaintiff's slander of title cause of action should be dismissed with prejudice.

Plaintiff's Claim Based on Void Assignment of Interest and Assignment of Deed of Trust Should be Dismissed with Prejudice.

Plaintiff's void assignment claim also fails as a matter of law. Plaintiff also bases this claim on the May 25, 2012 Transfer of Lien between MERS and HSBC. *See id.* at 8 ¶¶ 46, 49. Although Defendants argue that there is no claim for "void assignment of interest and assignment of Deed of Trust," the undersigned liberally construes the *pro se* Plaintiff's pleading. Nevertheless, this claim fails because Plaintiff does not have standing to challenge the transfer between MERS and HSBC as he is not a party to the transfer. Generally, a "plaintiff ... must assert his own legal rights and interests, and

cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Munoz v. HSBC Bank USA, N.A.*, CIV.A. H-12-0894, 2013 WL 265982, at *6 (S.D. Tex. Jan. 22, 2013) ("In Texas, mortgage borrowers have no standing to contest an assignment from lender to lender because the borrower is not a party to those agreements."). Texas case law includes an exception to this rule for mortgagors who challenge an assignment on grounds that would render it *void ab initio*. *See Reinagel v. Deutsche Bank Nat. Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Plaintiff appears to allege that the 2012 Transfer of Lien was void at inception because the lien should have been previously released. But, as explained above, this argument is not viable because Plaintiff makes no allegation that he satisfied the prerequisite to release the lien prior to the transfer or otherwise.

Plaintiff's void assignment claim also fails to the extent that he asserts a "split-the-note" argument. Plaintiff objects to the May 25, 2012 Transfer of Lien claiming "MERS did not have any right, title or interest in the [Deed of Trust] ... having sold the [Note]. Failure to negotiate the underlying debt contemporaneously with the [Deed of Trust] renders the [Deed of Trust] a nullity." Dkt. No. 1-3 at 8, ¶¶ 47, 48. But, again, the Fifth Circuit routinely rejects similar arguments. *See Martins*, 722 F.3d at 255.

Plaintiff does not have standing to bring a claim for void assignment and has not otherwise presented a viable theory for this claim that would be facially plausible. Therefore, this claim should be dismissed with prejudice.

Plaintiff's Fraud Claim Should be Dismissed with Prejudice.

Plaintiff fails to state a claim for fraud. Defendants assert that this claim should be dismissed because (1) Plaintiff failed to allege that Defendants misrepresented a material fact; (2) Plaintiff does not allege that Defendants MERS, Ocwen, or HSBC committed any specific fraudulent act or omission; (3) Plaintiff's claim does not satisfy the pleading requirements of Federal Rule of Civil Procedure 9; and (4) the claim is barred by the economic loss doctrine. Dkt. No. 8 at 7, ¶¶ 18-21; Dkt. No. 17 at 9, ¶¶ 18-21.

Defendants' first and second arguments address Plaintiff's failure to allege the elements of his fraud claim. Under Texas law, the elements of fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *See In re First Merit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001). Though Plaintiff claims that he "suffered and continues to suffer monetary, general, and special damages," he does not allege that any Defendant made a false material representation. Doc. No. 1-3 at 8, ¶¶ 50-54. Instead, Plaintiff alleges that Fremont should have known that non-compliance of the Deed of Trust would negatively affect title to the Property and that it was legally impossible to transfer the Deed of Trust if the Note was already sold. *See id.* at 8, ¶¶ 51-52. At best, Plaintiff appears to claim that Fremont misrepresented its

ability to sell the Note to HSBC without releasing the security interest embodied by the Deed of Trust. But, as discussed above, Plaintiff does not allege that he fully paid the Note, so Fremont <u>could</u> sell the Note without releasing the Deed of Trust.

Plaintiff's pleading also lacks the specificity required by Federal Rule of Civil Procedure 9(b) because it alleges no facts in support of his fraud claim. Rule 9(b) requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake," Fed. R. Civ. P. 9(b), and Texas state law fraud claims are also subject to this requirement. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550-51 (5th Cir. 2010). "To plead fraud adequately, the plaintiff must 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Id*. at 551 (quoting *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 350 (5th Cir. 2002)). Here, Plaintiff does not supply any supportive facts to explain the misrepresentation made, who made it, when or where it was made, or why it was fraudulent. His fraud claims are therefore insufficient under Rule 9(b) and, for that matter, Rule 8(a) as interpreted by *Iqbal* and *Twombly*. *See Iqbal*, 556 U.S. at 678, 681.

Additionally, Plaintiff's fraud claim is barred by the economic loss rule to the extent that it is based on Plaintiff's allegation that Fremont failed to comply with Section 23 of the Deed of Trust. Under Texas law, if a tort claim arises solely from the parties' contractual relationship, the tort claim is not allowed. *See DeFranceschi v. Wells Fargo Bank*, N.A., 837 F. Supp. 2d 616, 625-26 (N.D. Tex. 2011). Thus, the economic loss rule "generally precludes recovery in tort for economic losses resulting

from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid–Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex. 1991)). "That is, 'a duty in tort does not lie when the only injury claimed is one for economic damages recoverable under a breach of contract claim.'" *McDaniel v. JPMorgan Chase Bank, N.A.*, No. 1:12-cv-392, 2012 WL 6114944, at *7 (E.D. Tex. Dec. 10, 2012) (quoting *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 796 (Tex. App. – Houston [1st Dist.] 2007, pet. denied)). "Thus, the rule restricts contracting parties to contractual remedies for economic losses associated with their relationship, 'even when the breach might be reasonably viewed as a consequence of a contracting party's negligence.'" *Id.* (quoting *Lamar Homes, Inc.*, 242 S.W.3d at 13).

"The focus of the rule is on determining whether the injury is to the subject of the contract itself." *Id.* (internal quotation marks omitted). "In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider: (1) whether the claim is for breach of duty created by contract, as opposed to a duty imposed by law; and (2) whether the injury is only the economic loss to the subject of the contract itself." *Stanley Indus. of S. Fla. v. J.C. Penney Co., Inc.*, No. 3:05-cv-2499-L, 2006 WL 2432309, at *5 (N.D. Tex. Aug. 18, 2006) (citing *Formosa Plastics Corp. USA v. Presidio Eng'rs and Contractors, Inc.*, 960 S.W.2d 41, 45-47 (Tex. 1998)); *see also DeLanney*, 809 S.W.2d at 494-95. The burden is on the plaintiff to establish evidence of an independent injury. *See McDaniel*, 2012 WL 6114944, at *7 (citing *Esty v. Beal*, 298 S.W.3d 280, 302 (Tex. App. – Dallas 2009, no pet.)).

Although the economic loss rule does not automatically bar fraud claims, the Court may determine whether Plaintiff's fraud claim would give rise to liability independent of the fact that a contract exists between the parties. *See Casey v. Fed. Home Loan Mortg. Ass'n.*, CIV.A. H-11-3830, 2012 WL 1425138, at *4 (S.D. Tex. Apr. 23, 2012) (fraud claim barred by the economic loss rule because "[n]one of the alleged representations [were] independent of the note and deed of trust"). The undersigned concludes that Plaintiff's allegation that "Fremont knew or should have known that non-compliance with Section 23 of the Deed of Trust would negatively affect title to the Property" not only fails to allege that any Defendant made a misrepresentation but is also entirely dependent on duties outlined in the Deed of Trust. Plaintiff bases his fraud claim entirely on Fremont's knowledge of its duties under a contract – no duties outside of the contract are even referenced. Further, Plaintiff has not responded to the Motions or otherwise established that his fraud claim arises from a duty independent from the Deed of Trust. Consequently, Plaintiff's fraud claim should also be dismissed as barred by the economic loss rule.

Leave to Amend Should be Denied.

Although a party, particularly a *pro se* party such as Plaintiff, is generally permitted leave to amend claims dismissed due to pleading deficiencies, the Court should dismiss Plaintiff's claims with prejudice here. Plaintiff' has not responded to the Motions, and his claims are premised on meritless theories that cannot be salvaged by repleading and should therefore be dismissed with prejudice. *See Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986) (leave to allow a *pro se* plaintiff to amend is not

required where "even the most sympathetic reading of plaintiff's pleadings uncovers no theory and no facts that would subject the present defendants to liability" and it is clear that the plaintiff has already pleaded his "best case"); *see also Brown v. Texas A & M Univ.*, 804 F.2d 327, 334 (5th Cir. 1986) (leave to amend is unnecessary where a plaintiff's alleged fact could not, as a matter of law, support the alleged claim, "[e]ven with every possible fact and inference resolved in favor of the plaintiff").

<u>Plaintiff's Request for Declaratory Relief Should be Dismissed with Prejudice.</u>

Finally, Plaintiff's request for declaratory relief should be dismissed because it cannot survive absent an underlying cause of action. "[T]he Declaratory Judgment Act is procedural and does not create an independent private right of action." *Harris Cty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015); *see also Okpalobi v. Foster*, 244 F.3d 405, 424 n.31 (5th Cir. 2001). Because Plaintiff's underlying claims for breach of contract, slander of title, void assignment, and fraud should be dismissed with prejudice, his request for declaratory relief should be dismissed as well.

## Recommendation

The Court should grant Defendants' Motions to Dismiss [Dkt. Nos. 7 & 16] and dismiss Plaintiff's claims against MERS, HSBC, Ocwen, and Fremont with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: October 8, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE