IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERRY MASON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:15-cv-1909-K-BN |
| | § | |
| FREMONT INVESTMENT & LOAN, | § | |
| ET AL.; | § | |
| | § | |
| Defendants. | § | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jerry Mason filed a Motion for Reconsideration of the Court's Order dated October 28, 2015, approving the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. *See* Dkt. No. 24. This case has been referred to the undersigned United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), HSBC Bank USA, National Association, as Trustee for Nomura Home Equity Loan Inc., Asset-Backed Certificates, Series 2006-FM1 ("HSBC"), Ocwen Loan Servicing, LLC ("Ocwen"), and SGGH, LLC, f/k/a SGH Merger Sub LLC, successor by merger to Signature Group Holdings, Inc., successor by merger to Fremont Reorganizing Corporation, f/k/a Fremont Investment & Loan ("Fremont"; collectively, "Defendants"), have filed a response. *See* Dkt. No. 25. Plaintiff has not filed a reply, and his time to

-1-

do so has passed. *See* N.D. Tex. L. Civ. R. 7.1(f).

The undersigned WITHDRAWS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge [Dkt. No. 26] entered on February 2, 2016 and issues the following amended findings of fact, conclusions of law, and recommendation, for the reasons explained below, the Court should deny Plaintiff's Motions for Reconsideration [Dkt. No. 24].

## Background

This case arises from a mortgage note ("Note") and deed of trust ("Deed of Trust") that was executed by Plaintiff and Defendant Fremont in September 2005. The Deed of Trust obligated Plaintiff "to defend generally the title in the [p]roperty against all claims and demands, subject to [the Note and Deed of Trust]." Dkt. No. 1-3 at 17; Dkt. No. 24 at 9, 16.

On April 8, 2015, Plaintiff, proceeding *pro se*, filed suit asserting breach of contract, slander of title, void assignment, fraud, and declaratory relief claims against Defendants. *See* Dkt. No. 1-3. In the summer of 2015, Defendants moved to dismiss Plaintiff's suit for failure to state a claim on which relief could be granted under Federal Rules of Civil Procedure 12(b)(6) and 12(c). *See* Dkt. Nos. 7 & 16. Plaintiff did not respond to the motions to dismiss.

On October 8, 2015, the undersigned entered its Findings, Conclusions, and Recommendation that the Court grant Defendants' motions to dismiss with prejudice ("Findings"). *See* Dkt. No. 21. Plaintiff did not object to the Findings as required by 28 U.S.C. § 636(b)(1) and Federal Rules of Civil Procedure 72(b)(2).

-2-

The Court accepted the undersigned's Findings and entered judgment on October 28, 2015. *See* Dkt. Nos. 22 & 23.

On November 13, 2015, Plaintiff filed his Motion for Reconsideration (the "Motion") asking the Court to reconsider its dismissal of his claims because he inadvertently failed to respond to Defendants' motions to dismiss or object to the undersigned's Findings because he was distracted by his girlfriend's and father's battle with cancer. *See* Dkt. No. 24 at 3-4.

In his Motion, Plaintiff alleges that the mortgage is void because there was "no valid Assignment of the Mortgage recorded ... in the office of Palm Beach County Official Records Department which is required pursuant to the GNMA Trust." *Id*. at 6. Plaintiff also argues that Defendants' motions to dismiss were without merit, although he concedes that his slander of title claim was invalid. *See id*. at 5, 14. Finally, Plaintiff complains that he was not given the opportunity to amend his complaint to include a suit to quiet title. *See id*. at 15-16.

Defendants respond by pointing out that Plaintiff has failed to establish any manifest error of law or newly-discovered evidence, has failed to respond to the motions to dismiss or object to the undersigned's Findings, and merely raises arguments that could have been made before the Court entered judgment in October 2015. *See* Dkt. No. 25.

## Legal Standards

Motions for reconsideration are made pursuant to Federal Rule of Civil Procedure 59(e), which allows a court "to rectify its own mistakes in the period

immediately following entry of judgment." *White v. New Hampshire Dept. of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) allows reconsideration of a final judgment where a party shows a need to: (1) correct a clear error of law or prevent manifest injustice; (2) present newly discovered evidence; or (3) reflect an intervening change in controlling law. *See Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003); *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

Although district courts have discretion as to whether or not to reopen a case under Rule 59(e), that discretion is not unlimited. The United States Court of Appeals for the Fifth Circuit has "identified two important judicial imperatives relating to such a motion: 1) the need to bring litigation to an end; and 2) the need to render just decisions on the basis of all the facts. The task for the district court is to strike the proper balance between these competing interests." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Accordingly, "[i]t is within the district court's discretion whether to reopen a case under Fed. R. Civ. Pro. 59(e)," *Weber v. Roadway Exp., Inc.*, 199 F.3d 270, 276 (5th Cir. 2000), but "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly," *Templet*, 367 F.3d at 479, and Rule 59(e) cannot be used to raise arguments or legal theories that could, and should, have been made before the judgment issued or to rehash evidence, *see id.; Rosenzweig*, 332 F.3d at 863.

Federal Rule of Civil Procedure 60(b) provides grounds for relief from a final judgment, order, or proceeding. *See* FED. R. CIV. P. 60(b). Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake,

-4-

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.* 60(b)(1)-(6). Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). The Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments." *Id.* (internal quotations and alterations omitted); *see also Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (explaining that the "residual clause" of Federal Rule of Civil Procedure 60(b)(6) is "used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances" (internal quotation marks omitted)).

## Analysis

Plaintiff Failed to Meet his Burden under Rules 59(e) and 60(b).

Plaintiff's Motion does not contain any argument that would justify reconsideration under Rules 59(e) or 60(b).

Because Plaintiff filed the Motion within 28 days of the date of the judgment or order complained of, it is considered a Rule 59(e) motion. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) ("A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under Rule 59(e) or as a motion for 'relief from a final judgment, order, or proceeding'

under Rule 60(b). The rule under which the motion is considered is based on when the motion was filed.").

Although Plaintiff includes statements that are likely derived from an unrelated matter involving real property in Palm Beach County, s*ee* Dkt. No. 24 at 6-8, these references do not show that the Court erred in dismissing Plaintiff's claims or constitute new evidence under Rule 59(e).

As a *pro se* party, Plaintiff is still required to comply with all relevant procedural and substantive rules and the Court's orders. *See Cartman v. Hunt County Tex.*, No. 3:15-cv-481-L, 2015 WL 3794448, at *2 (N.D. Tex. June 18, 2015). Plaintiff "had a duty to keep apprised of the progress of this case, and the failure to do so is not a sufficient basis to justify relief." *Id.* (citing *Edward H. Bohlin Co., Inc. v. The Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993)).

Further, even if the Court treated the Motion as being filed under Rule 60(b), Plaintiff has not exhibited excusable neglect pursuant to Rule 60(b). Plaintiff claims that he did not respond to Defendants' motions to dismiss or object to the undersigned's Findings because his father and girlfriend were ill. *See* Dkt. No. 24 at 3. Though the undersigned is sympathetic to Plaintiff's personal circumstances, the Fifth Circuit has held that failure to respond to a dispositive motion is only excusable, pursuant to Rule 60(b), when the party did not receive notice of the motion. *See McKenzie v. Principi*, 83 F. App'x 642, 644 (5th Cir. Dec.16, 2003). Plaintiff does not deny that he received notice of Defendants' motions to dismiss and the undersigned's Findings nor did he ever seek an extension to respond or object. And Plaintiff's personal circumstances do not

otherwise amount to extraordinary circumstances to justify Rule 60(b)(6) relief. *Cf.*
*Payton v. Hartford*, Civ. A. No. 10-1015, 2011 WL 5403190, at *3 (E.D. La. Nov. 8,
2011); *Hale-Wells v. Wells Fargo Servs.*, Civ. A. No. H-04-4715, 2006 WL 3044460, at
*3 (S.D. Tex. Oct. 19, 2006).

Rules 59(e) and 60(b) do not Allow Relitigation.

Through his Motion, Plaintiff is improperly attempting to relitigate his claims.

Performing a Rule 12(b)(6) analysis, the undersigned recommended dismissal
of Plaintiff's breach of contract claim, in part, because he failed to show that he
tendered performance. *See* Dkt. No. 21 at 7. In the Motion, Plaintiff reasserts his
breach of contract claim but still does not allege that he tendered performance under
the Note or Deed of Trust. *See* Dkt. No. 24 at 11-13.

The Court also dismissed Plaintiff's fraud claim because it is barred by the
economic loss rule, which precludes fraud claims that are solely based on an alleged
failure to perform under a contract. *See* Dkt. No. 21 at 11. Yet, Plaintiff continues to
base his fraud claim solely on Defendants' alleged failure to perform duties outlined
in the Note and Deed of Trust. *See* Dkt. No. 24 at 16 ("Defendants' [sic] made a
representation ... by entering an agreement with Plaintiff, i.e. the ... Note and ... Deed
of Trust; ... Defendants [did not perform] their duties as defined by the [Note and Deed
of Trust].").

The Court dismissed Plaintiff's void assignment and declaratory judgment
claims because he lacked standing. *See* Dkt. No. 21 at 8-9, 14. Plaintiff simply

disagrees that he lacks standing to challenge the assignment of the Note and Deed of Trust and continues to seek declaratory relief. *See* Dkt. No. 24 at 19-22.

Courts should not reconsider a case dismissed for its failure to state a claim if the movant fails to explain how reopening the case would correct the deficiencies noted in the court's opinion. *See Dixon ex rel. Holt v. Bank of New York Mellon*, 3:13-cv-4235-L, 2014 WL 3827502, at *2 (N.D. Tex. Aug. 1, 2014). "A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court." *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.*, Civ. A. No. 98-2293, 1999 WL 539548, at *1 (E.D. La. July 26, 1999).

<u>Plaintiff's Requested Amendment Should not be Permitted.</u>

"When a district court dismisses an action and enters a final judgment, ... a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under Rule 59 or 60." *Rosenzweig*, 332 F.3d at 864. But, under these circumstances, as here, "the considerations for a Rule 59(e) motion are governed by [Federal Rule of Civil Procedure] 15(a)." *Id.* But, as a general matter, where the deadline for seeking leave to amend pleadings has expired – as it had here before the undersigned issued the Findings – the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003).

The Court need not resolve whether Rule 16(b)(4) would apply here because denial of the request to amend is appropriate even under the more liberal Rule 15(a) standard, under which Plaintiff's newly proposed quiet title claim cannot justify reconsideration.

Plaintiff concedes that his slander of title claim is invalid but states that he "intended to submit a complaint to quiet title." Dkt. No. 24 at 14-15. He claims that the Deed of Trust obligates him to bring a quiet title action and makes a vague reference to his *pro* se status in an apparent attempt to excuse his failure to raise the quiet title action earlier in the litigation. *See id*. at 16, 14 ("Plaintiff is not an attorney, but is doing his best to state appropriate causes of action in this case.").

Plaintiff's proposed quiet title action could have been raised prior to the Court's entry of judgment because it is based on the Deed of Trust that Plaintiff executed in 2005 – over ten years before judgment was entered. Plaintiff therefore has not raised any facts that were not available previous to the Court's dismissal of this case and so – as well as for the same reasons discussed above regarding Rule 60(b)'s excusable neglect requirement – did not exercise diligence. *See Rosenzweig*, 332 F.3d at 865.

Plaintiff also does not have a sufficient basis for a quiet title action and does not attach a proposed amended complaint or allege any new facts to support a quiet title action. *See id*.

Plaintiff contends that the Deed of Trust obligates him to bring a quiet title claim to defend the secured property against encumbrances. *See* Dkt. No. 24 at 16. But a close reading of the Deed of Trust reveals that Plaintiff was to defend the secured

property against any other encumbrance besides the Note and Deed of Trust. *See* Dkt. No. 1-3 at 17. The Deed of Trust does not require Plaintiff to challenge its validity, and therefore he cannot rely on his asserted logic to justify a quiet title action against Defendants.

And, under Texas law, a plaintiff asserting a cause of action to quiet title has the burden ultimately of establishing his "superior equity and right to relief," *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App. – Houston [1st Dist.] 2009, pet. denied), and must rely on the strength of his or her own title, not the weaknesses of the defendant's title, *see Rivera v. CitiMortgage, Inc.*, No. 3:12-cv-3404-D, 2013 WL 1294009, at *2 (N.D.Tex. Apr. 1, 2013); *accord Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). In other words, Plaintiff must prove his "right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn*, 321 S.W.3d at 531. Texas courts have also made clear that "a necessary prerequisite to [a quiet title action]. is tender of whatever amount is owed on the note." *Cook-Bell v. Mortgage Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012). Plaintiff's Motion does not allege facts that, if proved, would establish his superior title, nor does he allege that he is current on his mortgage payments. Plaintiff's "failure to establish his own superior right to the property, such as by pleading that he was current on his mortgage payments, also renders his quiet title claim defective." *Warren*, 566 F. App'x at 383.

* * * *

Because Plaintiff has not met his burden under Rules 59(e) and 60(b), attempts to relitigate resolved issues, could have raised his quiet title action prior to judgment, and has not otherwise alleged a sufficient basis to assert a quiet title action, the Court should deny Plaintiff's Motion.

## Recommendation

The Court should deny Plaintiff's Motions for Reconsideration [Dkt. No. 24].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 2, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE